NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JACK LEON BLYTHE,

        Petitioner-Appellant,

v.

DAVID SHINN, Director; ATTORNEY
GENERAL FOR THE STATE OF
ARIZONA,

        Respondents-Appellees.

No.    20-17235

D.C. No. 3:19-cv-08207-DLR

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted November 16, 2022
Phoenix, Arizona

Before: BYBEE, OWENS, and COLLINS, Circuit Judges.

Jack Leon Blythe appeals from the district court's denial of his habeas

petition. The district court rejected on the merits Blythe's argument that the child

molestation statute under which he was convicted, section 13-1410 of the Arizona

Revised Statutes, and its affirmative defense, section 13-1407(E) of the 2008

Arizona Revised Statutes, unconstitutionally shifted the burden of proof to the

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

defendant to disprove the element of sexual intent. As the parties are familiar with the facts, we do not recount them here. We affirm.

We offer no view regarding the merits of Blythe's constitutional claim because, even if a constitutional violation occurred, it was harmless error. Generally, petitioners may obtain federal habeas relief only if the constitutional violation "had [a] substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). There is a limited exception for structural errors, which render a trial fundamentally unfair and which are subject to automatic reversal. *Washington v. Recuenco,* 548 U.S. 212, 218-19 (2006). Because unconstitutionally shifting the burden of proof to the defendant to disprove an element in the jury instructions is not structural error, we apply harmless error review. *Rose v. Clark*, 478 U.S. 570, 579-80 (1986) ("We . . . find that the error at issue here—an instruction that impermissibly shifted the burden of proof on malice—is not so basic to a fair trial that it can never be harmless.") (internal quotations and citation omitted); *see also Neder v. United States*, 527 U.S. 1, 15 (1999) (holding that omitting an element from the jury instructions is subject to harmless error analysis).

The lack of a jury instruction on sexual intent—the burden of proof for which Blythe contends was unconstitutionally shifted to the defendant—did not have a "substantial and injurious effect or influence in determining the jury's

2

verdict." *Brecht*, 507 U.S. at 623. By convicting Blythe of child molestation on three counts, the jury found that he "intentionally or knowingly engaged in . . . sexual contact with a child." The only sexual contact alleged was that, while clothed, Blythe rubbed his genitals on the victim's genitals and buttocks. Sexual intent is implicit in such conduct. The State also presented expert evidence about "grooming" and unrebutted testimony that Blythe asked the victim to tell him she loved him—indicating to the jury that Blythe acted with sexual intent. Blythe's primary defense was that he did not engage in sexual contact with the victim altogether. But the jury rejected this defense by convicting him. Moreover, Blythe did not raise the affirmative defense and contend that he engaged in sexual contact without sexual intent.

Because sexual intent was implicit in the conduct of which Blythe was convicted and because Blythe made no argument negating his sexual intent, an instruction that the prosecution must prove sexual intent beyond a reasonable doubt would not have influenced the jury's verdict. Thus, even if a constitutional violation occurred, it was harmless.

**AFFIRMED**.